

ORDERED in the Southern District of Florida on September 18, 2015.

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

**Tagged Opinion**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

ROSA HERNANDEZ,

        Debtor.
_____/

CASE NO.  14-12231-BKC-LMI

Chapter 13

### MEMORANDUM OPINION OVERRULING BANK OF AMERICA'S OBJECTION TO THE DEBTOR'S FOURTH AMENDED PLAN

      How does the Debtor satisfy the requirement of 11 U.S.C. §1325(a)(5)(B)(iii)(I) that periodic payments to a secured creditor under a chapter 13 plan must be in equal monthly amounts? Must equal payments begin with the first payment proposed under the chapter 13 plan as the secured creditor in this case argues? Is it from the first post-confirmation payment? Or, is it from a date after which all administrative claims have been paid? For the reasons explained in this opinion, I hold that section 1325(a)(5)(B)(iii)(I) requires that equal monthly payments begin

not from the first payment to the chapter 13 trustee, but rather, no earlier than the first payment due after the chapter 13 plan is confirmed.

## Facts and Procedural History

The Debtor, Rosa Hernandez, owns real property (the "Property") in Hialeah, Florida encumbered by a mortgage held by Bank of America. After the Debtor filed her chapter 13 bankruptcy petition on January 30, 2014 (ECF #1), she filed a Motion to Value Bank of America's secured interest in the Property (ECF #26), which Bank of America contested (ECF #43). Ultimately the Debtor and Bank of America submitted an agreed order which provided that Bank of America had an allowed secured claim of $95,000 and that the claim would be paid in equal monthly payments of $1,803.67 per month with no balloon payment (the "Agreed Order") (ECF #90).

The Debtor's Fourth Amended Plan (the "4 AP") proposes to pay Bank of America in two-tiers of payments—$1,187.57 each month for months 1 through 9 and $1,912.39 monthly for months 10 through 60 (ECF #99). Bank of America objected to the 4 AP arguing that it does not comply with the Agreed Order's payment structure[1] and, alternatively, that the payments proposed are not in equal monthly amounts as required by section 1325(a)(5)(B)(iii)(I) (the "Objection") (ECF #102).[2] The Debtor then filed a Motion to Amend the Agreed Order (ECF #107) alleging she inadvertently agreed to the equal monthly payment terms listed in the Agreed Order. The Debtor and Bank of America then agreed to another order (the "Second Agreed

---

[1] At the hearing, Counsel for Bank of America and for the Debtor agreed that they are not pursuing the argument that the 4 AP conflicts with the Agreed Order.

[2] The Objection is titled "Supplemental Objection to the Third Amended Plan." Because the Objection was filed after the filing of, and concerns, the Fourth Amended Plan, I presume Bank of America intended to object to the Fourth Amended Plan.

Order") (ECF #113) providing that the parties would wait for my ruling on a similar equal monthly payment dispute in another chapter 13 case. I ultimately resolved the dispute in that case on other grounds. Thus, the dispute in this case is now appropriate for review and resolution.

### Section 1325 of the Bankruptcy Code

Section 1325(a)(5) of the Bankruptcy Code governs the treatment of secured claims in a chapter 13 plan.[3] Section 1325(a)(5) requires that a chapter 13 plan treat a secured claim in one of three ways: (A) the secured creditor may accept the debtor's proposed treatment of its secured claim; (B) the treatment of the secured claim must comply with section 1325(a)(5)(B); or (C) the debtor must surrender the property securing the secured creditor's claim.

In order to satisfy the requirements of section 1325(a)(5)(B), a chapter 13 plan must

---

[3] Section 1325(a)(5) provides, in relevant part:

**(a)** Except as provided in subsection (b), the court shall confirm a plan if--
   . . .
   **(5)** with respect to each allowed secured claim provided for by the plan–
      **(A)** the holder of such claim has accepted the plan;
      **(B)(i)** the plan provides that–
         **(I)** the holder of such claim retain the lien securing such claim until the earlier of--
            **(aa)** the payment of the underlying debt determined under nonbankruptcy law; or
            **(bb)** discharge under section 1328; and
         **(II)** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
      **(ii)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
      **(iii)** if–
         **(I)** property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
         **(II)** the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
      **(C)** the debtor surrenders the property securing such claim to such holder . . . .

11 U.S.C. §1325(a)(5).

3

provide for the following: (i) the secured creditor retains its lien; (ii) the secured creditor receives property having a value of its collateral as of the effective date of the plan; and (iii) if the distribution of property to the secured creditor is in periodic payments, those payments must be in equal monthly amounts. The question is, when must these equal monthly amounts begin? The Debtor argues that the equal monthly payments must begin no earlier than confirmation and, therefore, the 4 AP complies with the Bankruptcy Code. Bank of America insists that equal payments must start from the first payment made in the chapter 13 case.

The equal monthly payment requirement of section 1325 was added as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Almost immediately, a split developed in the bankruptcy courts regarding the proper interpretation of section 1325(a)(5)(B)(iii). The two opinions most regularly cited that illustrate the split consider whether payments to a secured creditor need to be in equal monthly amounts from the first plan payment post-confirmation or some later post-confirmation payment. *Compare In re DeSardi*, 340 B.R. 790, 806 (Bankr. S.D. Tex. 2006) (holding payments need not be equal with the first payment post-confirmation, but only once payments made to amortize the secured claim begin) *with In re Denton*, 370 B.R. 441, 446 (Bankr. S.D. Ga. 2007) (holding payments must be equal from the first post-confirmation payment).

### Equal Monthly Payments after Payment of Administrative Expenses

In *DeSardi*, the court held that the Bankruptcy Code does not require equal monthly payments on allowed secured claims to begin at confirmation, but rather that adequate protection payments required pre-confirmation under 11 U.S.C. §1326(a)(1)(C)[4] may continue post-

---

[4] Section 1326(a)(1)(C) states:

4

confirmation until attorney's fees are paid in full. *DeSardi*, 340 B.R. at 808. The *DeSardi* court held that section 1325(a)(5)(B) must be read in conjunction with section 1326, the section governing payments in a chapter 13 case. *Id.* Section 1326(b)(1) provides that "[b]efore or at the time of each payment to creditors under the plan, there shall be paid any unpaid claim of the kind specified in section 507(a)(2) . . . ." The court further noted that the equal monthly payment provision of section 1325(a)(5)(B)(iii) does not include the "as of the effective date of the plan" language that appears in section 1325(a)(5)(B)(ii), which requires that post-confirmation payments for personal property cannot be lower than appropriate adequate protection payments. *DeSardi*, 340 B.R. at 805. Accordingly, applying general rules of statutory construction, the court held the equal monthly payment requirement does not have to begin "as of the effective date of the plan," but rather, once regular payments on account of the secured claim (as opposed to adequate protection payments) begin, those payments must be equal. *Id.* at 805-06. Until such time as all administrative claims are paid in full, adequate protection payments must be paid *pari passu* with professional fees and other administrative expenses. Once administrative expenses are paid, then amortized payments to the secured creditor must begin and those payments must be in equal amounts. *Id.* at 808.

---

**(a)(1)** Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—

. . .

**(c)** that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

11 U.S.C. §1326(a)(1)(C).

Other courts have reached similar conclusions. *See, e.g., In re Brennan*, 455 B.R. 237, 240 (Bankr. M.D. Fla. 2009) ("The Bankruptcy Code does not require payments on allowed secured claims begin at month one, or at confirmation, and it expressly requires the accelerated payment of attorney's fees."); *In re Hill*, 397 B.R. 259, 270 (Bankr. M.D.N.C. 2007) ("Since Chapter 13 plans must provide for payment of Section 507(a)(2) claims, which include debtors' attorneys' fees, either before or concurrently with other payments, even payments on secured claims, requiring the 'equal monthly payments' to begin at confirmation would result in many un-confirmable plans, . . . an absurd result that Congress could not have intended.").

### Equal Monthly Payments Required From First Post-Confirmation Payment

*In re Denton* and cases following *Denton* have held that section 1325(a)(5)(B)(iii) requires equal monthly payments to secured creditors begin with the first payment following confirmation of a chapter 13 plan. *See In re Denton,* 370 B.R. at 446; *In re Espinoza,* 2008 WL 2954282 (Bankr. D. Utah 2008); *Wells Fargo Fin. Georgia, Inc. v. Baxter (In re Williams*), 385 B.R. 468 (Bankr. S.D. Ga. 2008); *In re Sanchez,* 384 B.R. 574, 578 (Bankr. D. Or. 2008). The *Denton* court expressly rejected the analysis of *DeSardi* that the "periodic payment" requirement only applies to payments on account of the amortized debt. "The word 'periodic' simply describes payments that recur at regular intervals. Thus 'periodic payments' in § 1325(a)(5)(B)(iii)(I) refers without distinction to *all* regularly-recurring post-confirmation payments on an allowed secured claim." *In re Denton*, 379 B.R. at 445 (emphasis in original).

These courts dismiss the perceived tensions between section 1326(a)(1)(C) and section 1325(a)(5)(B)(iii) highlighted in *DeSardi* by noting there is a distinction between pre-confirmation adequate protection payments required under section 1326(a)(1)(C) and post-

6

confirmation payments required under section 1325(a)(5)(B)(iii)(I). *See In re Willis,* 460 B.R. 784, 791 (Bankr. D. Kan. 2011) ("Nothing in § 1322 requires the chapter 13 plan to provide for the full payment of debtors' attorney's fees before payment of secured claims. . . . Section 1322(a)(2) merely requires that a chapter 13 plan provide for full payment of § 507 priority claims, not that they be paid before other claims."). *See also In re Sanchez,* 384 B.R. at 579 (citing *In re Denton,* 370 B.R. at 446); *In re Williams,* 385 B.R. at 474-75 (adopting the *Denton* analysis).

## Analysis

Bank of America argues that section 1325(a)(5)(B)(iii) compels equal monthly payments from the first payment made by a debtor in the chapter 13 case, even before the chapter 13 plan is confirmed. However, neither *DeSardi* nor *Denton* nor any of the cases following either has found that the equal monthly payment requirement begins earlier than the first post-confirmation payment. Bank of America has not provided any support for its position that all payments from the first payment must be equal other than a convoluted interpretation of the facts of *Denton* which I rejected out of hand at the hearing.[5]

All of the cases cited by Bank of America were cases involving claims secured by personal property. However, neither the Debtor nor Bank of America cited any case that would suggest that the "equal monthly payment" requirement does not apply to claims secured by real property,[6] or should be applied differently than it is applied to claims secured by personal

---

[5] Bank of America, based only on speculation, argued that the "first payments post-confirmation" in *Denton* were, in fact, the first payment made by the debtors in that particular case.

[6] Chapter 13 provides holders of claims secured by personal property specific adequate protection. *See* 11 U.S.C. §1325(a)(5)(B)(iii)(II) ("if the holder of the claim is secured by *personal property*, the amount of such payments shall not be less than an amount sufficient to provide the holder of such claim adequate protection during the period

7

property, and indeed, no case appears to have so held. *See In re Lemiuex*, 347 B.R. 460, 464-65 (Bankr. D. Mass. 2006) (rejecting a debtor's argument that section 1325(a)(5)(B)(iii) only applies to claims secured by personal property); *see also Hamilton v. Wells Fargo Bank, N.A. (In re Hamilton),* 401 B.R. 539, 539 (1st Cir. B.A.P. 2009) (holding that the "equal monthly payment" requirement of section 1325(a)(5)(B)(iii) precludes the use of a balloon payment to satisfy a claim secured by real property). Nor do I find there is any reason why a claim secured by real estate would receive different treatment pre-confirmation with respect to equal monthly payments than that afforded to a claim secured by personal property.

Thus, I find that a plan that proposes payments to a secured creditor at least beginning with the first payment after confirmation, satisfies the equal monthly payment requirements of section 1325(a)(5)(B)(iii).[7]

As for which of *DeSardi* or *Denton* is the correct interpretation of section 1325(a)(5)(B)(iii)? I do not need to reach that issue in this case. The 4 AP has not been confirmed yet and this case is in month 18 or 19. The 4 AP proposes equal payments starting in month 10. Accordingly, it is not necessary to the resolution of this case for me to decide which of *DeSardi* or *Denton* I should follow[8].

---

of the plan"(emphasis added)); 11 U.S.C. §1326 (allowing payments providing "adequate protection directly to a creditor holding an allowed claim secured by *personal property*" (emphasis added)). Apparently section 1325(a)(5)(B)(iii) and section 1326 were passed to address perceived abuses of car lessors and purchase money secured creditors. *Accord* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, §309, 119 Stat. 23, 82. However, nothing in chapter 13 restricts or modifies the rights of holders of claims secured by real property to seek adequate protection under sections 362 or 363.

[7] The only exception to the equal monthly payment requirement of section 1325(a)(5)(B)(iii) would be the treatment of a claim secured by real property that is being treated through this court's Mortgage Modification Mediation program. Chapter 13 plans that are submitted consistent with this Court's Mortgage Modification Mediation Program Procedures necessarily include an adjustment to post confirmation payments to the extent that either the mediation is unsuccessful or the parties agree to different treatment of the secured claim in the chapter 13 plan.

[8] On Dec. 16, 2009, I orally ruled in *In re Gabriel Hervis* that I was going to adopt the *DeSardi* line of cases. *See* Oral Ruling Denying American Airlines' Objection to Confirmation, *In re Gabriel Hervis*, No. 9-16414-BKC-LMI

### Conclusion

Since the 4 AP has not yet been confirmed, and all post confirmation payments under the plan will be equal, whichever line of cases correctly interprets section 1325(a)(5)(B)(iii), the results would not change.

Having reviewed the Agreed Order, the Fourth Amended Plan, the Objection, and the record, it is

**ORDERED** that:

The Objection is OVERRULED.

###

Copy to:
Richard J. Adams, Esq.
Jeffrey S. Fraser, Esq.

*Attorney Adams shall serve a copy of this Order upon all parties in interest and file a certificate of service with the Clerk of Court.*

---

(Bankr. S.D. Fla. Dec. 16, 2009).  I do not need to decide in this case whether to affirm my initial decision, or to adopt the reasoning of *Denton*. That will wait for another day.

9